**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0229n.06
Filed: March 28, 2007

**No. 06-3689**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DELBERT CAUDELL, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | On Appeal from the United States |
| | ) | District Court for the Southern |
| CITY OF LOVELAND and JOSE ALEJANDRO, | ) | District of Ohio |
| | ) | |
|     Defendants-Appellees. | ) | |
| | ) | |

Before:    BOGGS, Chief Judge; BATCHELDER and GRIFFIN, Circuit Judges.

    PER CURIAM.

    Delbert Caudell appeals the district court's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 claims, based on alleged use of excessive force in the execution of a search warrant at his home. We affirm.

**I**

    According to Caudell's complaint, on October 16, 2001, law enforcement officers forcibly entered his home with their guns drawn, grabbed him from his couch, and handcuffed him. He alleges that two of the officers threw him to the floor, kicked him, jumped on his back,

and slammed his head into the floor tiles. Caudell indicated at deposition that defendant Officer Jose Alejandro was the "main instigator" of the series of events, and that he was one of the officers who initially removed him from the couch, but was unable to identify the specific officers who allegedly beat him, and specifically asserted, in his deposition and in an affidavit filed in response to a summary judgment motion filed by a former party to this action, that he had no source of information by which he could identify them.

Officer Alejandro indicated at deposition that he was present at the raid on Caudell's home but that, as the K-9 officer on the scene, he and the police dog under his charge remained outside the residence during the initial entry, in accordance with Loveland policy and policy common to police departments generally, in case the dog was needed to pursue a fleeing suspect. He testified that he first saw Caudell when he was led out of the house by other officers. Affidavit testimony from another officer on the scene corroborated Alejandro's account.

Caudell filed a complaint on October 8, 2003, and an amended complaint on December 21, 2004, alleging false arrest, unconstitutional search, arrest without probable cause, and excessive use of force, against Officer Alejandro and the city. The defendants moved for summary judgment on December 30, 2005, arguing, among other things, that Caudell's inability to identify the individuals who allegedly used excessive force against him barred his § 1983 claims. Caudell attached to his February 12, 2006 response the affidavit of Shane Smith, a friend of his grandson who was present at the raid, identifying Alejandro as one of the officers who used force on Caudell. Smith had previously been identified by Caudell in response to an interrogatory (#2) seeking the names of individuals who might have knowledge relevant to the complaint, but had not been identified with his address or a summary of his likely testimony in

response to an interrogatory (#4) seeking the names, addresses, and expected testimony of potential witnesses (the response to this interrogatory began with "See Answer to #2," where Smith was listed by name only). In addition, Smith was not named in any way in Caudell's September 27, 2005 witness list, required by pre-trial scheduling order. He also attached the affidavit of his grandson, Jonathan James (who had apparently been included on Caudell's witness list, under the name "Marcus James"), also present at the raid, which identified Officer Alejandro and a supervisor, Lieutenant Mays, as being present on the scene, but not as participating in the alleged use of excessive force. The defendants moved to strike the Smith affidavit, and on April 10, 2006, the district court granted that motion and the defendants' motion for summary judgment. Caudell filed a timely notice of appeal.

## II

Caudell concedes that without evidence identifying Alejandro as one of the officers who allegedly used force on him, his § 1983 claim against Alejandro cannot proceed. Thus, because it is the only such evidence Caudell attempted to proffer, his claim against Alejandro fails or survives based on the validity of the district court's exclusion of Smith's affidavit. Caudell claims this exclusion was an abuse of the district court's discretion.

Caudell does not dispute that Fed. R. Civ. P. 37(c)(1) authorizes the district court to exclude from a trial information that was, in violation of Rule 26(a), withheld without "substantial justification," unless the failure to disclose was "harmless."[1] Nor does he dispute

---

[1]Indeed, the language of Rule 37 suggests that such exclusion is *mandatory*, not merely authorized, absent harmlessness or justification, and this court has cited with approval the decision of another court to that effect. *Dickenson v. Cardiac and Thoracic Surgery of Eastern*

that he violated Rule 26(a). He makes no attempt to provide a substantial justification for this violation, but instead argues that the violation was harmless. His argument is, essentially, that his disclosure of Smith as someone with knowledge of the claim; his defective inclusion, by reference, of Smith's name in response to the interrogatory seeking names, addresses, and descriptions of likely testimony of potential witnesses; and his deposition testimony that Smith was present at the raid, all put the defendants on notice that Smith's testimony would be relevant—thus rendering the violation harmless—and that his merely technical violation of a discovery rule should not be met with so extreme a sanction.[2]

Caudell's argument ignores the fact that, though he might have given some indication of Smith's relevance during discovery, he also indicated specifically in his deposition and by affidavit that he did not have any source of information regarding the identity of the officers he claimed used force on him, and failed in his interrogatory response to indicate that Smith would provide testimony on this crucial point. Thus, even if the defendants might otherwise have been prudent to investigate Smith's knowledge, Caudell's own deposition and affidavit testimony would have suggested to them that such investigation might have been a waste of resources. It is far from clear, then, that Caudell's failure of disclosure was harmless in this respect.

And the district court identified an additional harm, that of excessive delay, which

---

*Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004)).

[2]He further argues that the defendants have not demonstrated that they relied on his witness list to decide which individuals to depose, though he offers no reason to believe that the burden is on the defendants to rebut his simple assertion of harmlessness. In fact, the "burden [is] on the potentially sanctioned party to prove harmlessness." *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).

Caudell does not attempt to rebut. The district court noted that the case had already been pending for two and a half years, and concerned events nearly four and a half years before the granting of the summary judgment motion. Allowing the Smith affidavit, some four months after the court-ordered close of discovery, would require reopening discovery to allow the defendants to investigate the affidavit and conduct depositions, and would likely result in an additional round of dispositive motions; the district court predicted that the additional delay would likely amount to some seven months. The district court concluded that such delay could only be warranted by substantial justification, whereas Caudell had offered no justification whatsoever.

Thus, while Caudell's claim against Alejandro might have survived summary judgment had the district court not excluded Smith's affidavit (or had Caudell complied with discovery rules in the first place), there is no basis for this court to conclude that the exclusion was an abuse of discretion. Caudell offers no justification for his violation of the discovery rules, and his argument that the violation was harmless is unpersuasive. Accordingly, the district court properly granted summary judgment in favor of Officer Alejandro.

### III

Caudell does not argue on appeal that there was a city policy or custom that led to a deprivation of his rights,[3] but instead makes a claim of supervisory liability, based on the presence of Lt. Mays during the search of his home, and Mays's "implicit" authorization of the alleged beating.

---

[3]He did make such a claim in his amended complaint, but testified at deposition that he had no knowledge of the city's police training or policies.

5

However, Caudell has alleged, through his deposition testimony and the James affidavit, nothing more than Mays's presence during the search; even accepting this as true (Mays himself appears to have denied that he was there) for the purpose of evaluating a summary judgment motion, this allegation fails to make out a claim for supervisory liability under § 1983. Such a claim requires a showing "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (no simple *respondeat superior* municipal liability under § 1983).

Caudell has not offered any evidence to suggest that Mays so much as witnessed the alleged beating: Smith's excluded affidavit merely says that he saw Mays "in the yard," and James's affidavit says only that "Mays was in the house, supervising the officers." Without evidence to suggest that Mays knew of the alleged deprivation of Caudell's rights, there is no basis for the conclusion that he authorized, approved, or knowingly acquiesced in it, explicitly or implicitly. Accordingly, the district court properly granted summary judgment in favor of the city.

## IV

For the foregoing reasons, the district court's grant of summary judgment in favor of the defendants is AFFIRMED.

6